[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties were represented by counsel, but only the Plaintiff appeared in court. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the Court finds as follows:
The Plaintiff, whose maiden name was Parziale, and the Defendant intermarried at Milford, Massachusetts on June 4, 1994; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Alexis Ladner Piorkowski, born June 8, 1995; that there were no other minor children born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
On direct and cross examination the Plaintiff testified that the parties lived together for two years prior to the marriage; that during the marriage Defendant was abusive, very controlling of Plaintiff and their financial affairs; that Plaintiff always had to ask Defendant for money; that Defendant gambled and did not pay some bills; that Defendant kept pornographic books and videos; that Defendant took nude photos of himself; that Plaintiff and Defendant kept a photo album of sex scenes of the parties; that Plaintiff had Defendant removed from the marital residence for assaulting her; that the Defendant vacated the marital residence during February 1996 and relocated in the State Washington, where he had been offered employment, and that Plaintiff was not in favor of the Defendant's relocation to Washington.
Plaintiff's financial affidavit indicates that Plaintiff is employed as a sales representative for Whitman's Russell Stover Candies and that she earns a net weekly income, after federal and State income tax and FICA deductions, of $532.52.
Plaintiff, who was born October 10, 1968, appears to be in good health and that her continued employment seems good. CT Page 6758
When Defendant left the Plaintiff and prior thereto, he was employed at the Electric Boat Corporation, a General Dynamics Corporation. He grossed about $1,400 weekly. Presently, he is employed in the State of Washington at Tad Technicals/Boeing as a mechanical design engineer. His net weekly income, without overtime, is approximately $987. His overtime gives him an additional net weekly income of $210. (See Defendant's financial affidavit). Plaintiff, who is approximately 42-1/2 years old, has an associate degree in engineering.
The parties jointly own a marital residence located at and known as Meadow Lane, Old Lyme, Connecticut. The stated value of the property is $142,000. The present mortgage balance on said property is $144,000. Presently, the property is for sale for $150,000.
The Plaintiff's parents loaned the parties $7,500 to replace the heating system in said property and $656 to prepare income tax returns. There is a balance due of $4,156.
The balance of the marital assets will be described in the court orders.
From the evidence, it is clear that the marriage has broken down irretrievably and that the Defendant was more at fault for the breakdown. Accordingly, a decree dissolving the marriage of the parties is ordered.
After considering the factors in Connecticut General Statute (C.G.S.) §§ 46b-62, 81, 82 and other pertinent statutes, the following orders, which the Court deems to be fair and equitable, are entered:
1. The Plaintiff shall have sole custody of the minor child. The Defendant shall only have supervised reasonable rights of visitation in the State of Connecticut.
2. The Defendant shall pay to the Plaintiff for child support the sum of $225 per week, by immediate wage execution, until said child reaches 19 years of age or graduates from high school, whichever is the first to occur. The parties shall alternate taking the minor child as a dependent on their income tax. The Plaintiff shall take the child as a dependent for the even numbered years and the Defendant shall take the child as a CT Page 6759 dependent for the odd numbered years. The Defendant's right to take the child as a dependent shall be conditioned on the Defendant being current with his support obligations.
3. Both parties shall maintain medical insurance on the minor child as is available through their employment. They shall split equally all unreimbursed medical and dental expenses for the minor child. The provisions of C.G.S. § 46b-84d shall apply.
4. The Defendant shall pay to the Plaintiff alimony in the sum of $150 per week by immediate wage execution for a period of three years, or the death, remarriage or cohabitation of the Plaintiff with an unrelated male, whichever is the first to occur. Said alimony is modifiable as to amount only.
5. The interest of the Defendant in the marital residence and all of Defendant's interest in the Putnam Investment account, Northeast Utility stock and Kaman stock and the 1994 Ford Taurus and 1984 Pontiac, all listed on Plaintiff's financial affidavit, are ordered transferred to the Plaintiff pursuant to the provisions of C.G.S. § 46b-81.
6. The Plaintiff shall retain and own all household furniture items and furnishings left on the premises and her 401K pension plan free of any claim by the Defendant. The Defendant shall keep, as his own, his fishing equipment, tools, one television-VCR-camcorder combination, technical and college books.
7. The Defendant shall pay to Plaintiff the sum of $772, the money he removed from the parties' checking and savings accounts when he left Connecticut, and the sum of $1,500 representing his share of the balance owed to the Plaintiff's parents for the loan for the heating system and $656 for preparing the parties' income tax returns.
8. By agreement of the parties, the Defendant shall pay the Charter Oak Visa bill and the Plaintiff shall pay the Discover Bill. The parties shall pay all other debts listed in their individual names and one-half of all other jointly owned debts. Each party shall hold the other harmless on the debts they are responsible for.
9. The Court finds an arrearage of support and alimony due the Plaintiff in the sum of $5,401.60. The Defendant is ordered CT Page 6760 to pay same at the rate of $100 per week until paid by immediate wage execution. The Defendant is also ordered to pay to the Plaintiff the sum of $150 for his share of unreimbursed medical bills.
10. The Defendant is further ordered to pay to the Plaintiff's attorney counsel fees in the sum of $1,000, in addition to such fees as may have been previously ordered.
11. The parties shall name their minor child as irrevocable beneficiary on any currently existing life insurance policies on their life during the child's minority.
12. All payments due from Plaintiff, unless specified otherwise, shall be made within 90 days of this judgment.
Vasington, JTR